# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| AMG PRODUCTS, INC. D/B/A AMG DEVELOPMENT AND PAUL SMITH<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., DIRT CHEAP LLC, CHANNEL CONTROL MERCHANTS OF TEXAS, LLC, and FRY'S ELECTRONICS,<br><br>Defendants. | Civ. Action No. 6:18-cv-267-JDK-JDL<br><br><u>**JURY TRIAL DEMANDED**</u> |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AMG Products, Inc. d/b/a AMG Development ("AMG") and Paul Smith ("Plaintiffs"), by counsel, file this First Amended Complaint against Defendants Walgreen Co., Dirt Cheap LLC, Channel Control Merchants of Texas, LLC, and Fry's Electronics, (collectively, "Defendants"), and in support thereof, state as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action arising under the United States patent laws, 35 U.S.C. § 1, *et seq.*, in which Plaintiffs assert infringement of U.S. Patent No. 6,902,289 by Defendants' manufacture, use, offer for sale, sale, or import in/into the United States of the product known as "Atomic Beam Glove." Plaintiffs are seeking an injunction prohibiting further sales of the infringing product, as well as monetary damages and related remedies.

## THE PARTIES

2.      Plaintiff AMG Products, Inc. d/b/a AMG Development is a Nevada corporation with its principal place of business at 500 N. Rainbow Blvd. #300, Las Vegas, Nevada 89107.

3.      Plaintiff Paul Smith is an individual residing at 42 Darling Parke Drive, Bangor Maine 04401.

4.      Defendant Walgreen Co. ("Walgreens") is a corporation organized under the laws of the State of Delaware with its principal place of business at 200 Wilmot Rd, Deerfield, IL 60015-4681.  Walgreens sells products, such as the accused "Atomic Beam Glove" product, through its stores throughout the country, including in the Eastern District of Texas.

5.      Defendants Dirt Cheap, LLC and Channel Control Merchants of Texas, LLC ("Dirt Cheap") are limited liability companies that are doing business through retail stores as "Dirt Cheap" with their principal place of business at 6892 US Hwy 49 North Hattiesburg, MS, 39403. Dirt Cheap sells products, such as the accused "Atomic Beam Glove" product, through its retail stores throughout the country, including in the Eastern District of Texas.

6.      Defendant Fry's Electronics ("Fry's") is a corporation organized under the laws of the State of California with its principal place of business at 600 E. Brokaw Rd., San Jose, CA, 95112-1006.  Fry's sells products, such as the accused "Atomic Beam Glove" product, through its stores throughout the country, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

1.      This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1, *et seq*.

2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendants are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district. In addition, upon information and belief, Defendants regularly sell products in Texas and specifically in the Eastern District of Texas. Defendants are subject to the general jurisdiction of this Court because they have regular and systematic contacts with this forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

4. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Defendants have committed one or more infringing acts in this District. All of these Defendants are selling or have sold the accused product in the Eastern District of Texas. Upon information and belief, Defendants "reside" in this District because (1) there are physical places of Defendants' businesses in this District; specifically, Defendants have and operate retail stores located in this District, (2) Defendants' businesses in this District are regular and established, and (3) Defendants have places of business operating their stores and selling the infringing products in this District.

## THE PATENT-IN-SUIT

5. On June 7, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued to assignee 4th Day Enterprises, LLC United States Patent No. 6,902,289 B1 ("the '289 Patent"), entitled "ILLUMINATED HAND COVER ASSEMBLY." A copy of the '289 Patent is attached as Exhibit A.

6. Paul Smith is the owner of the '289 Patent by assignment and has standing to sue for infringement.

7. AMG Products, Inc. d/b/a AMG Development is the exclusive licensee of the '289 Patent and has standing to sue for infringement.

## FACTS

8. Dr. Paul Smith is the inventor of an innovative glove product marketed under the name "Glovelite." The idea for Glovelite was created by Dr. Smith while flying at night in a small private aircraft. In the aircraft, the gauges on the instrument panel were illuminated, but the switches and other areas were not. Dr. Smith set out to solve that problem by testing different products already on the market to no avail. So, Dr. Smith created a solution. He developed the Glovelite concept by integrating small LED lights into a hand covering similar to a bicycle glove.

9. Dr. Smith then applied for a patent to protect his idea in 2003, and subsequently the '282 Patent issued on June 7, 2005. The originally filed claims were allowed without any amendment to overcome prior art, and later filed claims, filed during prosecution, were also allowed without any amendment to overcome prior art.

10. The Glovelite product was developed, manufactured and later sold on QVC, Sporty's, Flyboys, Wing's Aviation, As Seen On TV, and at various trade shows. In 2012, Glovelite was recognized at the National Hardware Show in Las Vegas and received the Most Innovative Product award.

11. Plaintiffs invested significant time and monetary resources in developing, creating, manufacturing, and marketing Glovelite.

12. In February of 2018, Dr. Smith was approached by a colleague who commented about seeing Glovelite in a retail store. Knowing that could not have been his product, Glovelite, Dr. Smith looked online at the store's website and saw an identical product called Atomic Beam.

13. Below is a side by side photo comparison of the two products.


Glovelite – Backhand View


Atomic Beam – Backhand View


Glovelite – Palm View


Atomic Beam – Palm View

5

14. Dr. Smith went to the company's website who manufactured the product (Telebrands Corp. and Bulbhead) and reviewed their website to learn more about this "copycat" product. On the website he saw a commercial for Atomic Beam which was identical to a commercial that he had for Glovelite.

15. Plaintiffs have attempted to sell Glovelite to Walgreen's only to be turned down and then find that Walgreens is selling the copycat product, Atomic Beam.

16. The Atomic Beam glove is sold by the Defendants in various retail store locations, including Tyler, Texas, in the Eastern District of Texas.

## COUNT I

## INFRINGEMENT OF THE '289 PATENT

17. Plaintiffs reallege and incorporate by reference all of the above paragraphs of this complaint as if fully set forth herein.

18. Plaintiffs are the inventor and exclusive licensee of the entire right, title, and interest in the '289 Patent.

19. Defendants have and continue to directly infringe the '289 Patent by importing, distributing, offering to sell, and/or selling in the United States the Atomic Beam Glove product, which embodies the claims covered by the '289 Patent. Defendants' infringing activities violate 35 U.S.C. § 271.

20. Defendants have and continue to indirectly infringe the '289 Patent by knowingly and intentionally inducing others, including Defendants' customers and end users, to directly infringe, either literally or under the doctrine of equivalents, by importing, distributing, offering to sell, and/or selling in the United States the Atomic Beam Glove product, which embodies the claims covered by the '289 Patent.

21. By importing, distributing, offering to sell, and/or selling the Atomic Beam Glove product, Defendants have injured Plaintiffs and are liable to Plaintiffs for infringement of at least claim 1 of the '289 patent directly, indirectly, and/or under the doctrine of equivalents.

22. For instance, Defendants directly or under the doctrine of equivalents infringe at least claim 1 of the '289 patent in the following manner:

| Claims of 6,902,289 | Atomic Beam Glove |
|---|---|
| 1. An illuminated hand cover assembly comprising: | The Atomic Beam Glove is a "Hands-Free Light" that is designed to fit "LEFT or RIGHT Hand" according to the package labeling, and is therefore "an illuminated hand cover assembly." |
| (a) a hand cover including an index finger portion, the index finger portion adapted to cover at least a portion of a user's index finger when the hand cover is donned; and | A "Glove" is a hand cover. |

7

|  | <br>Therefore, the Atomic Beam Glove has a hand cover including an index finger portion, the index finger portion adapted to cover at least a portion of a user's index finger when the hand cover is donned. |
|---|---|
| (b) a first light source having a first light emission area coupled to a lateral side of the index finger portion such that the first light emission area is disposed adjacent a lateral side of the middle phalanx bone of the index finger of the user when the hand cover is donned. | The Atomic Beam Glove has a first light source having a first light emission area.<br><br>The first light source is coupled to the index finger portion. |

The first light source is disposed adjacent a lateral side of the middle phalanx bone of the index finger of the user when the hand cover is donned.



Therefore, the Atomic Beam Glove has a first light source having a first light emission area coupled to a lateral side of the index finger portion such that the first light emission area is disposed adjacent a lateral side of the middle phalanx bone of the index finger of the user when the hand cover is donned.

23. Additionally Defendants contributed to and induced infringement of at least claim 1 of the '289 Patent by knowingly and intentionally supplying infringing products to customers. Defendants' customers who purchased products and/or used products in accordance with Defendant's instructions directly infringe at least claim 1 of the '289 Patent.

24. For instance, in the packaging of the Defendants' infringing Atomic Beam Glove product, the following instructions are provided:

 

**READ ALL WARNINGS AND INSTRUCTIONS BEFORE USING PRODUCT.
INJURY CAN RESULT FROM IMPROPER USE.
SAVE THESE INSTRUCTIONS.**

| ⚠ WARNING |
|---|
| **AVOID EYE INJURY** - Do not shine the light beam directly into anyone's face or stare directly into the beam. If this product is used improperly it could cause retina damage. This product is also not recommended for use by anyone under the age of 14. Any kind of battery can release damaging chemicals, which can harm skin, clothing or the inner workings of the flashlight. TO AVOID RISK OF INJURY DO NOT EXPOSE BATTERIES TO EXTREME HEAT. |

| ⚠ WARNING |
|---|
| Batteries must be installed correctly. Not doing so could cause permanent damage to the LED. Always follow the battery manufacturer's instructions for the correct storage, handling and disposal of the batteries. |

| ⚠ WARNING |
|---|
| - Do not mix old and new batteries.<br>- Do not mix alkaline, standard (carbon zinc) or rechargeable (nickel-cadmium) batteries. |

| ⚠ WARNING |
|---|
| HARMFUL IF SWALLOWED.<br>KEEP BATTERIES AWAY FROM CHILDREN. |

PRODUCT MAY VARY FROM IMAGES SHOWN

## BATTERY INSTALLATION

1. Slide off the Battery Cover. (Figure A)



Figure A

2. Insert 2 AAA batteries (not included) into the battery compartment. Make sure to line up the (+) and (-) markings on the battery with the (+) and (-) markings on the inside of the battery compartment. (Figure B)

3. Reinstall the battery cover.



Figure B

### HOW TO WEAR



Figure C



Figure D

1. Insert your thumb and index finder into the glove. (Figure C)

   **Note: The Atomic Beam Glove is universal and can be worn on either hand.**

2. Wrap the strap around your wrist and secure the hook and loop fastener. (Figure D)

### OPERATION



Figure E

1. To turn the light ON/OFF, press the button located on the top of the battery compartment. (Figure E)

### CLEANING

1. To clean, wipe the exterior portion of the battery compartment and fabric with a soft damp cloth.

```
                    Manufactured for
                    TELEBrands.
                    Fairfield, NJ 07004
                    ©2017 Telebrands
                    www.telebrands.com
                    Made in China
```

This device complies with Part 15 of the FCC Rules. Operation is subject to the following two conditions:
(1) this device may not cause harmful interference, and
(2) this device must accept any interference received, including interference that may cause undesired operation.
**Warning:** Changes or modifications to this unit not expressly approved by the party responsible for compliance could void the user's authority to operate the equipment.
**NOTE:** This equipment has been tested and found to comply with the limits for a Class B digital device, pursuant to Part 15 of the FCC Rules.
These limits are designed to provide reasonable protection against harmful interference in a residential installation. This equipment generates, uses and can radiate radio frequency energy and, if not installed and used in accordance with the Instructions, may cause harmful interference to radio communications. However, there is no guarantee that interference will not occur in a particular installation. If this equipment does cause harmful interference to radio or television reception, which can be determined by turning the equipment off and on, the user is encouraged to try to correct the interference by one or more of the following measures:
- Reorient or relocate the receiving antenna.
- Increase the separation between the equipment and receiver.
- Connect the equipment into an outlet on a circuit different from that to which the receiver is connected.
- Consult the dealer or an experienced radio/TV technician for help.

**LIMITATION OF LIABILITY**
Liability limited to the purchase price of this product. Telebrands Corp. shall not be liable for any incidental or consequential damages or any implied warranty on this product. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

25. Upon information and belief Defendants Walgreen's infringement of the '289 Patent is willful. Upon information and belief Defendants learned of Plaintiffs' '289 Patent and its Glovelite product prior to the filing of the Original Complaint in this action, but nevertheless willfully and intentionally made the decision to import, distribute, sell and/or offer to sell the infringing Atomic Beam Glove which Plaintiffs content is knock off, copy cat product. In addition, upon information and belief, all Defendants infringement of the '289 Patent has continued post filing of the Original Complaint in this matter and such infringement has been and is willful.

26. Plaintiffs are, and will continue to be, damaged and irreparably harmed by Defendants' direct and indirect infringement, which will continue unless Defendants are enjoined by this Court.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief against Defendants:

A.     A judgment holding Defendants liable for infringement of the '289 Patent.

B.     A temporary restraining order, preliminary injunction, and permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '289 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing product or any colorable imitation thereof;

C.     A judgment that the '289 Patent is duly and legally issued, valid, and enforceable;

D.     An accounting for damages and an award of damages adequate to compensate for Defendants' infringement of the '289 Patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

E.     Restitutionary relief against Defendants in favor of Plaintiffs, including disgorgement of wrongfully obtained profits pursuant to 35 U.S.C. § 289 and any other appropriate relief;

F.     A judgment holding that Defendants' infringement of the '289 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

G.     A judgment holding that this action is an exceptional case and an award to Plaintiffs for their attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

H.     A judgment that Plaintiffs be awarded their costs incurred herein; and

I.     Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury.

Dated: January 18, 2019

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Debby Gunter
State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com
dgunter@findlaycraft.com

***COUNSEL FOR PLAINTIFFS AMG PRODUCTS, INC. D/B/A AMG DEVELOPMENT AND PAUL SMITH***

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric H. Findlay*
Eric H. Findlay