# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| AMG PRODUCTS, INC. D/B/A AMG DEVELOPMENT and PAUL SMITH, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 6:18-cv-00267-JDK-JDL |
| FRY'S ELECTRONICS and WALGREEN CO., | § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On March 12, 2019, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss (Docket No. 52) be granted as to Plaintiffs' claims of induced infringement and denied as to Plaintiffs' claims for willful infringement. Docket No. 55. Plaintiffs AMG Products Inc. d/b/a AMG Development and Paul Smith (collectively "Plaintiffs") objected to the Magistrate Judge's Report. Docket No. 56. Defendants Fry's Electronics and Walgreen Co. (collectively "Defendants") responded. Docket No. 64. Having reviewed Plaintiffs' written objections de novo, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit. 28 U.S.C. § 636(b)(1).

Plaintiffs first object that the pled facts allow for a reasonable inference that Defendants encourage customers to use the infringing product. Docket No. 56 at 3. Plaintiffs cite specifically to paragraphs 19, 20, 21, and 23 of the Amended Complaint in support. *Id.* at 2–3. However,

Plaintiffs do not explain how these paragraphs—which are essentially legal conclusions with very few facts—state a claim for induced infringement. *See id.* Further, the Magistrate Judge specifically considered each of these paragraphs in analyzing Plaintiffs' allegations. *See* Docket No. 55 at 2–3. Plaintiffs also suggest that the Magistrate Judge erred in holding that Plaintiffs were required to allege an affirmative action to state a claim for induced infringement. The Magistrate Judge made no such holding. Although the Magistrate Judge noted that "Plaintiffs do not allege that Defendants took any affirmative steps to include those instructions or place them for sale in their retail stores," he went on to state that "Plaintiffs have not alleged that Defendants took any deliberate actions to avoid learning about the instructions in such a way that might implicate liability." Docket No. 55 at 6–7. Thus, Plaintiffs' arguments that the Magistrate Judge required heightened allegations of affirmative action are misplaced, as the Magistrate Judge also stated that allegations of deliberate indifference may suffice, but that Plaintiff alleged no such facts here. *Id.*

Plaintiffs next argue that *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014), is distinguishable. Plaintiffs contend that *Tierra* was a policy-driven decision where the accused product had substantial non-infringing uses; whereas, the accused product in this case does not have any substantial non-infringing uses. Docket No. 56 at 4. To the extent Plaintiffs are distinguishing *Tierra* based on the absence of substantial non-infringing uses, Plaintiffs failed to raise this argument before the Magistrate Judge. Indeed, the Magistrate Judge specifically noted that "Plaintiffs do not address the argument that Defendants are only retailers who sell the accused products with the contained instructions or point to any allegations that would impute scienter to Defendants"—an argument for which Defendants relied on *Tierra* in their briefing. Docket No. 55 at 6. As a result, this argument is waived. *See Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998).

Regardless, Plaintiffs' amended complaint failed to plead any lack of substantial non-infringing uses. *See* Docket No. 31. And Plaintiffs failed to cite any facts that would suggest Defendants had the requisite *mens rea* for inducement. Accordingly, the Court overrules this objection and agrees with the conclusion of the Magistrate Judge.

The Magistrate Judge also recommended that the Court dismiss the indirect-infringement claims with prejudice because there are no facts giving rise to such a claim and Plaintiffs have not asked to amend. Docket No. 55 at 6–7. Also, Plaintiffs already amended their complaint, and that amendment alleged only that Defendants are retailers who sell a pre-packaged product with enclosed instructions provided by the accused product manufacturer. *See, e.g.*, Docket No. 31 at ¶¶ 23, 24. The Court therefore assumes that Plaintiffs are unable to state a claim for induced infringement and that a second amendment would be futile. Further, Plaintiffs did not object to this portion of the Magistrate Judge's recommendation. The Court thus dismisses the indirect-infringement claims with prejudice. *See Vogt v. United States*, 480 F. App'x 305, 306 (5th Cir. 2012).

Finally, the Magistrate Judge recommended that Defendants' Motion to Dismiss (Docket No. 52) be denied as to Plaintiffs' claims for willful infringement. Docket No. 55 at 8–9. Neither side objected to this recommendation. As such, and having reviewed the Report of the Magistrate Judge, the Court agrees with this conclusion.

For the reasons discussed herein, the Court **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Defendants' Motion to Dismiss (Docket No. 52) is **GRANTED** as to Plaintiffs' claims

of induced infringement and **DENIED** as to Plaintiffs' claims for willful infringement. Plaintiffs' claims for indirect infringement are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **11th** day of **April, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE